CASES DETERMINED AT THE TERM OF THE FIRST MON-
DAY IN JANUARY, 1827, AT TUSCALOOSA.

PRESENT AT THIS TERM, ALL THE JUDGES.

## ALLEN v. MORGAN.

Garnishee in attachment answers that defendant held his note for
$1200, to which he has a set off, and until settlement he knows not
what is due; judgement cannot be rendered against the garnishee
for the $1200, subject to the set off.

JUDGE GAYLE delivered the opinion of the Court.

ALLEN was summoned as garnishee on an attachment
issued at the suit of Morgan, and returned to Madison
Circuit Court; and in his answer stated that he had given
to the defendant his note for $1200, due 25th December,
1824, which was yet outstanding; that he has matters of
set off against the note, but does not know to what amount,
until a settlement with defendant.

The Circuit Court rendered judgement against Allen
for the $1200, "*subject to said offsets in his garnishment
mentioned*," and he now assigns as error, that the judge-
ment does not shew any amount due, and that the answer
does not contain sufficient certainty to be the foundation
of a judgement.

It was contended in the argument that Allen was bound
to know the amount due to him from the defendant, and
if judgement has been rendered against him for too much,

2

JANUARY 1827. it must be attributed to his own negligence.   If the an-
swer was unsatisfactory, it was competent for the plain-
tiff in the attachment, to require one more certain, or to
have formed an issue, by which the sum really due could
have been ascertained.   But he has thought proper to rely
entirely on the answer, and the facts therein stated must
be taken as strictly true.   If a jury had returned a special
verdict, setting out the facts as stated in this answer, it
would not have authorized the Court to render judge-
ment for any amount.   Let the judgement be reversed
and the cause be remanded.

Allen
v
Morgan.

KELLY and HUTCHINSON, for plaintiff.

CLAY and M'CLUNG, for defendant in error.