SAVAGE *vs.* DAVIS & CAMPBELL.

Where, in a suit by an *endorsee* of a promissory note, the defendants pleaded a *set off*, avering that the note was the property of the *payee*, that the plaintiff was a mere *nominal party*, and that the note was transferred to him for the purpose of depriving the defendants of their set off; and the plaintiff *replied* simply, that the note was *his property*, and *not the property* of the payee, without traversing the corrupt transfer of the note, *it was held*, that by the pleadings the plaintiff was to be considered as having *admitted* the corrupt transfer of the note, and the existence of the set of. And it was *further held*, admitting the plea to have been interposed *previous* to the revised statute going into effect, that the plaintiff having taken issue upon it, he was precluded from objecting that a *plea of set off* was not allowable.
*It seems*, that in an action by an *endorsee* of a promissory note, commenced previous to the revised statutes, the defendant may avail himself of a *set off* against the *payee*, when, by the pleadings, the very right of the plaintiff to the note is *denied;* as where the transfer is charged to have been *fraudulent* with the view of defeating the set off.

THIS was an action of assumpsit, tried at the Monroe circuit before the Hon. ADDISON GARDINER, one of the circuit judges.

The plaintiff declared as the *endorsee* of a promissory note made by the defendants. The defendants pleaded the *general issue* and a *special* plea of *set-off*, alleging that the note at the time of the making thereof, was and still is the property of *Abraham Plumb*, the *payee* thereof; that at the time of the endorsement of the note, and of the commencement of the suit, *Plumb* was, and still is indebted to the defendants in the sum of $2000 for work and labor, goods sold, money lent, &c. and averring that the suit was brought in the name of the plaintiff, to *defraud* the defendants of their set off; that the plaintiff had no interest in the note; that at the time of the endorsement thereof, *Plumb*, the payee, was, and still is insolvent, and that at the time of the endorsement, the plaintiff had notice of all the said facts, and that the endorsement was made for the purpose, and with the intent on the part of the *payee* and the *endorsee* to defraud the defendants of their set off. The plaintiff replied that the note was, previous to the time when it became due, and still is the property of the plain-

tiff, and not the property of *Plumb*, in manner and form, as alleged in the plea. On the trial of the cause, the making and endorsement of the note were admitted, and the plaintiff rested. The defendants insisted that the plaintiff was not entitled to recover, because by the replication he had *admitted* the fraudulent combination between himself and the payee, to deprive the defendants of their set-off, and had also admitted the amount of such set-off, which exceeded the amount of the plaintiff's demand. The judge overruled the objection. The defendants then offered to prove that the plaintiff had no interest in the note; that he was merely a *nominal* party; that the payee being insolvent, the plaintiff combined with him to deprive the defendants of a set-off, which they had against the note, and that the transfer of the note to the plaintiff was made for that purpose; the defendants also offered to prove their set-off. This evidence was objected to, and refused to be received by the judge, and the jury, under his direction, found a verdict for the plaintiff, which was now moved to be set aside.

*A. Samson*, for defendant.

*R. Beach*, for plaintiff.

*By the Court*, NELSON, J. The defendants objected to the plaintiff's right to recover, on the ground that the plaintiff by his replication had admitted that the transfer of the note was with the intent to defraud the defendants of their *set-off*, and had also admitted the amount of the set-off specified in the plea, and which exceeded the amount of the note. This undoubtedly constituted a perfect defence, although it should not be considered as coming within the provision of the revised statutes, vol. 2, p. 354, § 18, sub. 10, as is abundantly supported by well settled principles. *Hendricks* v. *Judah*, 1 Johns. R. 319. *Prior* v. *Jacocks*, 1 Johns. C. 196. I am of opinion, however, that the defence falls within the above provision, and that the plaintiff is to be deemed, so far as the equitable defence of the makers of the note is concerned, a *trustee* of the payee; as to them the transfer or endorsement is void on the

ground of fraud, and the note is to be deemed the property of the payee.

If this case arose before the revised statutes went into effect, as it probably did, although there is nothing said in the case as to the time of the commencement of the suit, I am of opinion the court would be bound to come to the same conclusion, and sustain the objections of the defendants to the recovery. Admitting the law to have been in this state before the revised statutes, that a set off could not be pleaded, still, the plaintiff having taken issue upon the plea, has thereby precluded himself from the benefit of the objection. The right to set off against the plaintiff was put in the plea solely upon the ground that the transfer of the note from the payee to him was in execution of a combination between them to defraud the makers by preventing the set off. If this allegation was true, then no matter if the note was transferred before due, the set off was allowable, according to established principles. The replication, " that previous to the time when the said promissory note became due, it was, and still is the property of the plaintiff, and not the property of the payee," was no answer to the material fact alleged in the plea, and which continued to the defendant the right of set off. It is the corrupt agreement by which the note became the property of the plaintiff which is charged, and that authorizes the defence, and that the replication should have traversed. This would not have been traversing an intent or inference, for the allegation was material and substantive, and the defendants were bound to aver and prove it before their set off could be allowed. Where the act is indifferent in itself, and the intent with which it is done becomes material, it requires, as any other substantive matter of fact does, specific allegation and proof. 1 Chitty, 377, 8, and cases there cited. Here the transfer of the note, *per se*, was unobjectionable ; the knowledge of the plaintiff that the defendants had a large demand against the payee, and that the object and purpose of the transfer was to defraud them out of it, the payee being insolvent, constitutes the defence, and this the defendants were bound to aver and prove. 2 Peters' Cond. R. 278. It is said that the averment in the replication, that before the note became due, &c. it was the property of the

plaintiff, necessarily implies and carries along with it a denial of the fraudulent transfer as alleged in the plea. We think not ; as between the plaintiff and the payee, the note may have been legally the property of the plaintiff, and yet every fact charged in the plea true. Hence the necessity of traversing these facts.

Conceding that the replication was a full denial, the judge erred in excluding the proof offered by the defendants, that the note was transferred with the fraudulent object and purpose charged in the plea. If the replication was not a full denial, the fact was admitted upon the pleadings ; if it was, then the defendants had a right to establish it by evidence. But it may be said that the cases of *Wheeler* v. *Raymond*, 5 Cowen, 231, and *Johnson* v. *Bridge*, 6 id. 693, exclude the defence in this case, to wit, that a set-off cannot be made of a debt or demand against any one other than the plaintiff on the *record*. It is now unimportant to inquire into the doctrine of those cases, as the Revised Statutes, vol. 2, p. 354, § 18 have so modified the law as to restore what was probably the original intention of the legislature. In those cases no question was made as to the *bona fides* of the title of the plaintiff, and the set-off was not offered against the beneficial owner. Here the very right of the plaintiff to the note is denied ; and upon the case in judgment of law, so far as the rights of defendants are concerned, it belongs to the party against whom the set-off is claimed ; for, in the strong language of the common law, the fraudulent transfer is as if it never had an existence as to him. Fraud annuls the most solemn obligation. Besides, to allow this contrivance to defraud the defendants, would be in violation of a universal maxim of morality as well as law, that no man shall be permitted to take advantage of his own wrong.

The replication having presented an issue, which, in my judgment, though found for the plaintiff, does not dispose of the merits of this case, the defendant might be entitled to judgment *non obstante veredicto* ; but for the furtherance of justice, and to afford the parties an opportunity of disentangling the merits of the case from the pleadings, a new trial is granted, with costs to abide the event.