## OLIVER versus ATKINSON.

*The answer of a garnishee, that debtor had placed in his possession money which he believed belonged to the United States, held not sufficient, uncontroverted, to authorise a judgment.*

The plaintiff in error was summoned at the instance of Atkinson, to answer what money, goods, &c. he had in his hands of one Deweese, the debtor of defendant. The plaintiff, in his answer, acknowledged himself to be in possession of certain monies, which the debtor had placed with him for safe keeping, and which he, the debtor, said (and which the garnishee believed) belonged to the United States. On this answer, uncontroverted, the Circuit Court of Dallas rendered judgment against the plaintiff, and he took a writ of error to this Court.

CLARK, for Plaintiff—GOLDTHWAITE, contra.

By Mr. Justice HITCHCOCK :

William Atkinson obtained a judgment in the Circuit Court of Dallas county, against A. C. Deweese, at the March term, 1832, of said Court for one hundred dollars, and on the 20th day of August following, the plaintiff made an affidavit before a Justice of the Peace, that the defendant had no property within his knowledge whereof to make the money, but that Benjamin Mott, Charles Votey, and John Oliver, were indebted to him, &c.; upon which a summons of garnishment was issued against them. The two first answered, and admitted assets to a small amount. Oliver did not appear. On the eighth July, 1833, a notice was served on him to show cause why a judgment *nunc pro tunc*, should not be entered against

him for his default in not appearing to answer the
summons; and at the fall term, 1833, of said Court,
a judgment *nunc pro tunc,* was entered; upon which
a *sci. fa.* issued, returnable to the Spring term, 1834,
of said Court.   At that term, Oliver appeared and
made answer, "that in his absence from home one
day, the defendant, A. C. Deweese, deposited with
the wife of said Oliver $45 in silver, of which his wife
informed him on his return home the same evening;
and after dark of that day, after returning home, a
garnishment was served upon him.  Next day he saw
Deweese, and conversed with him on the subject;
and he, Deweese, informed him, that the money was
public money, belonging to the United States Post
Office Department, and that he had deposited it with
the wife of said Oliver for safe keeping until he
could pay it over.   The money is still in the hands of
said Oliver.   He states, that he knows Deweese ve-
ry well: he is poor, and has little or no money, ex-
cept that which he receives as Post Master at Plea-
sant Hill.   He believes the money belongs to the
United States, and he knows of no other property,"
&c.   Upon this answer, a judgment was entered up
against Oliver for forty-five dollars; to reverse which,
the case has been brought here.

Several assignments were made; only one of
which will be noticed, which is considered decisive
of the case, (all the others are considered as waived
by the appearance and answer of the garnishee,) to-
wit: "that the amount for which judgment is ta-
ken, is stated to be ascertained by an answer filed by
Oliver, when the facts in the answer do not author-
ise a judgment against the garnishee."

The statute upon which this proceeding is predi- [a]Aik. Dig. 42
cated,[a] declares "that it shall be lawful, upon the ap-

pearance and examination of the garnishee to enter up judgment, and award execution against him for all sums of money *acknowledged to be due to the defendant, from him.*"

There was certainly no admission here, by Oliver, of his indebtedness to Deweese. He states the circumstances under which the money was received, and concludes by stating his belief that the money belonged to the United States. This statement being made under oath, must be taken to be true, until controverted by the oath of the plaintiff, when an issue is to be made up and tried, as in other cases.

The judgment must therefore be reversed, and the cause remanded.