PRESNALL *versus* MABRY.

QUESTIONS IN THIS CASE

3p 105
103 312

Porter
3p 105
138 346

*As to the answer of a garnishee.*

*As to the issuance of a summons in garnishment against an administrator, within six months after the grant of letters.*

1. No judgment can be rendered against a garnishee on his answer, where there is not a clear admission of a legal debt, due, or becoming due, to the defendant in the original suit.
2. An administrator, within six months after the grant of letters, cannot be summoned as a garnishee, and judgment rendered against him, thereon.

At the September term, 1819, of the then Superior Court of Clarke county, Jesse Mabry, upon a writ and declaration, formal and sufficient, obtained a judgment against William Latham, in the words and figures following:— "Judgment by default claimed by T. Murray, Esq.—granted."

Upon this supposed judgment, executions issued at various times, to wit:—One in October, 1819, and one on the 19th January, 1832, both returned, no property found. On the 17th January, 1832, one William Robinson made oath, that on, &c., judgment, &c., was rendered against Latham, in favor of Mabry, for one hundred and two dollars and sixty-four and three-fourth cents; that Latham had no property, &c and that Elijah Presnall had, &c.— Upon this affidavit summons issued from Clarke Circuit Court, against Presnall, requiring him to

appear, &c. answer, &c. At the April term, 1832, of
Clarke Circuit Court, Presnall there plead, that
Mabry ought not to have and maintain his summons,
&c. because there was no judgment as stated in the
affidavit, &c.; which plea was not disposed of. Pres-
nall, at the same time moved to quash the proceed-
ings, because there was no judgment; which was
overruled. Latham, the defendant in execution, at
the same time moved to quash the proceedings, for
the same cause; which motion was also overruled.
A motion was then made to quash the execution,
which had issued, because there was no judgment;
which motion was granted. Presnall then filed his
answer, in which he stated that in August, 1831,
one Harvey Presnall, brother of the garnishee,
died, leaving no wife or issue, but a considera-
ble estate, both real and personal; that the heirs
of said Harvey Presnall were his brothers and sis-
ters, to wit: Absalom Presnall, James Presnall, Eli-
jah Presnall, and *Clara Latham*, wife of William
Latham, defendant in the original suit. That, in
September, 1831, the garnishee, Elijah Presnall, was
appointed administrator upon the estate of Harvey
Presnall, and took possession of the goods and chat-
tels, amounting in all, to about sixteen hundred dol-
lars; all of which was in his hands when summon-
ed, &c.: he then stated, that before he was summoned
he was informed by one John Latham, that he, said
John Latham, had purchased of said William La-
tham, all his interest in and to said estate; and the
said John showed him the transfer and conveyance,
from William to John, which said transfer and con-
veyance was on record, in the County Court of

Clarke county, &c. At the same time judgment *nunc pro tunc*, was entered in the original case of *Mabry* vs. *Latham*. At March term, 1833, after a recital, that Presnall had, by answer, admitted that he had, in his hands, money of William Latham, to the amount of four hundred dollars—judgment was rendered against him for two hundred and twelve dollars and eighty-five cents.

And here the plaintiff assigned for error—

1. That the Court erred in not disposing of his plea before further proceedings.

2. In not sustaining his motion to quash the proceeding.

3. In not sustaining Latham's motion to quash.

4. In giving judgment against the garnishee upon his answer, when the answer shews—

First—That the plaintiff, if he had any effects, had them as administrator of H. Presnall.

Second—That six months had not elapsed after obtaining letters of administration, until he was summoned, &c.

Third—That the plaintiff, Presnall, had been notified that Wm. Latham had assigned his interest in the estate to John Latham.

Fourth—That William Latham's interest in the estate, if any, was a joint interest, with his wife Clara, and if he died before his interest vested, it would remain absolutely in the wife, not subject to his debts, &c.

Fifth—In giving judgment for a certain sum, when the answer shews that the garnishee had goods and chattels undivided, and which he could not sell or divide without an order of a Court, independent of the Circuit Court.

On the first, second and third assignments, it was contended, that a judgment was necessary before any proceedings in the nature of those instituted, could be sustained; and that a garnishee could not be compelled to answer until a judgment were exhibited.— The statute authorising such proceeding, requiring it.

*Vide Stebbins* vs. *Fitch*, 1 Stewart 180; where is expressly stated, that, if there had really been no judgment, it might well have been assigned in error.

The judgment, *nunc pro tunc*, cannot have such relation back as to cure proceedings predicated upon the informal judgment; besides, it seemed to have been entered subsequent to the plea being filed, and motions made to quash.

On the fourth assignment it was contended, that an administrator, as such, cannot be garnisheed; and if he can, under any circumstances, it could only be after six months, and perhaps eighteen months from the time of grrnting letters; otherwise he may be compelled to pay before he can ascertain the condition of the estate. But if he is compelled to pay the share of one of the heirs in this way, where does he get his *refunding bond, &c.* For the third, fourth and fifth reasons, under the fourth assignment, see *Allen* vs. *Morgan*, 1 Stewart 9—*King* vs. *Murphy*, do. 228—*Lawrence, Rapalye & Co.* vs. *Robinson*, 2 Stewart 86.

Argued by *Mr. Goldthwaite,* and *Porter* for the plaintiff in error.

HITCHCOCK, J.—The defendant in this court, who was plaintiff below, recovered judgment in the Su-

perior Court of Clarke County, at the September Term, 1819, of said Court, against one William Latham. The entry of judgment was in the following words: "Judgment by default, claimed by T. Murray, Esq.: granted;" upon which various executions issued, all of which were returned, unsatisfied.

On the 17th January, 1832, one William Robinson made oath, in the usual form, applying for a summons against the present plaintiff in error, as a garnishee of Latham.

At the April Term, 1832, of the Court, various motions were made—such as to quash the executions which had issued; to quash the proceedings of garnishment; for judgment, *nunc pro tunc*, on the original judgment—which it is unnecessary to notice, in the view which the Court has taken of the case.

At the same term of the Court, E. Presnall, the garnishee, answered, that, "in August, 1831, one Harvy Presnall, the brother of the garnishee, died, leaving no wife or issue, having considerable estate, real and personal; that the heirs of said Harvy Presnall were his brothers and sisters, to wit: Absalom, James and Elijah Presnall, and Clara Latham, a sister, and, who is the wife of the defendant in the original suit.—That, in September, 1831, Elijah, the garnishee, was appointed administator of the estate of his brother, and took possession of his goods, amounting, in all, to about sixteen hundred dollars, all of which were in his hands, when he was summoned.

He further states, that before notice of the summons of garnishment, he had been informed, by one

John Latham, that he had purchased, of the said William Latham, all his interest in the estate of Harvey Presnall, in right of his, (William Latham's,) wife; and that he had been shewn a transfer and conveyance from William Latham, to John Latham, which, he states, is on record in the County Court of Clarke County.

Upon this answer, after the Court had allowed an entry of judgment *nunc pro tunc*, in the original suit, against William Latham, the Court gave judgment in favor of Mabry, against Elijah Presnall, the garnishee, for two hundred and twelve dollars and eighty-five cents.

Without deciding any question as to the legal effect of the entry of the judgment *nunc pro tunc*, in aid of this garnishment, and, also, without deciding whether an administrator can be garnisheed, in any case, on the ground of his having effects which he may be ultimately liable to the heirs, for—we think there is manifest error, when the case is viewed in reference to the answer alone.

It is a clear principle of law, that a judgment cannot be rendered, on the answer of a garnishee, against him, unless there is a distinct admission of a legal debt, either due, or to become due, by him, to the defendant in the original suit.

In this case, in the first place, the summons issued within six months after the grant of letters of administration, within which period no suit can be brought against an administrator. In the second place, no subsisting legal debt is admitted. The effects in his hands were yet to be administered—the debts were to be paid, and the amount, if any, due the heirs, yet to be ascertained.

If the alleged transfer to John Latham was valid, no interest ever could accrue to William Latham.— If he should die before receiving his wife's share of the estate, it would go to her, and would not be subject to his debts; and, if she should die before he should receive the amount, then the estate would go to her heirs.

The judgment must, therefore, be reversed.