Mr. Chief Justice ShAkkey
delivered the opinion of the court.
The note on which this action is founded was given, as it appears, by the appellants, defendants below, to John Stevens in his capacity of administrator, and the suit was instituted by him, for the use of Stevens & Pillett, who were merchants and partners. The appellants pleaded five several pleas. 1. The general issue. 2. That thffnote never was transferred to the plaintiffs. 3. That *646 the plaintiffs had no interest in the note at the commencement of the suit. 4. That the note was given to Stevens as the administrator of an insolvent estate, and that subsequently his letters had been revoked, and administration granted to Kellogg, who held the interest in the note, and that the plaintiffs had notice; and 5. That the note was given for the use and benefit of the estate, and that the plaintiffs had notice. To the last four pleas the plaintiff demurred generally, which was sustained, and the defendants at the trial offered to prove the matters pleaded specially under the general issue, but the evidence was rejected by the court and the defendants took their exceptions and appealed.
The same points are presented by the bills of exceptions taken to the rejection of the testimony under the general issue, that were presented by the special pleas, and in a less objectionable form. Under this aspect they will be noticed.
The second and third pleas amount to nothing more than the general issue, and the fourth and fifth are manifestly bad, as, for aught that appears, Stevens & Pillet may have received the note in question before the revocation of the payee’s letters, and in the due course of administration, for valuable consideration.
The first bill of exceptions presents the case on principles which can admit of no doubt. After the note was read to the jury, the defendants below offered to prove that the plaintiffs had “no right, title or interest in the note sued on,” which was rejected by the court. It is certainly an undeniable position, that he who seeks to recover must have an interest in the subject matter of the suit, and if he have no interest it is difficult to perceive how he can sustain the character of plaintiff in a court of law or equity, where a recovery is sought in his own right. This principle is as applicable to actions on notes, as any thing else; but what will be deemed sufficient evidence of that interest may depend upon the nature of the cause of action. As regards promissory notes, possession is to be deemed prima facie evidence of interest. When notes have been indorsed, proof of the indorsements is sufficient to entitle the indorsee to recover, but such proof can be required for no other purpose than to show his interest and consequent right to recover. These instruments being frequently the subjects *647 of trade, pass from one to another by endorsement or delivery, and it would operate injudiciously to require a party in the first instance to do more than produce the note regularly endorsed, and where the Ux mercatoria prevails to its full extent, it has been held sufficient for the plaintiff to show that he acquired a check payable to bearer in the fair course of trade for a valuable consideration, although it had been found by the person who sold it. Grant v. Vaughan, 3 Burr. 1516. This was sufficient to give him an interest, but in the same case the principle is distinctly recognised by Lord Mansfield, that an interest in the note is essentially necessary, and it was also said that the holder of a note payable to bearer would, under suspicious circumstances, be required to show how he became a party to it. Such proof could not be required if an interest in the note was not deemed essential to the plaintiff’s right to recover. This right to the note can mean nothing else but his interest, and if a party under suspicious circumstances will be required to show his right or how he came by the note, it must follow that he cannot sustain the action unless he came to the possession fairly, else why permit such an inquiry? And if the holder under certain circumstances will be required to show how he came by it, it seems clear that the defendant may show that the plaintiff holds it unfairly, or has no interest in it. Nothing but a fair and bona fide transfer or purchase could divest the right of the payee. Authorities are abundant if they were necessary, to show that the holder of a note must have an interest in it, or, what is the same thing, a right to it before he can recover. Chitty on Bills, 89 and note, 498, 511; 2 Stark. Ev. 286; Holm v. Karsper, 5 Binn. 469; Ball v. Allen, 15 Mass. Rep. 433; 7 Wend. 223; 3 Johns. Cas. 259.
Stevens & Pillett are to be regarded as the real plaintiffs, they being beneficially interested; for so it seems our statute regards an individual for whose use a suit is brought; and although Stevens the payee is one of the plaintiffs, he has sued in a different character from that in which the note was given, and being joined with Pillett, claims entirely a different interest, and this will make the rule apply with as much force as it would to a different person.
But even if Stevens & Pillett are the persons merely equitably *648 claiming, I cannot see why the law should not apply, it being equally necessary that they should have an interest to enable them to sustain that character.
I cannot assent to the doctrine urged in argument for the defendants, that this is a question which cannot be raised by the appellants, they being bound to pay whoever may hold the note. It cannot differ greatly from a voluntary payment; and surely if the makers were to pay voluntarily to the holder of a note, knowing that he had no right to receive it, it would not extinguish the debt. Suppose the payee to have lost the note by accident, or that it had been stolen or fraudulently taken; the makers, with a knowledge of the fact, would not be justified in making payment to the holder, who had by any of these means acquired it.
It is also urged that the appellants are certainly bound for the amount of the note, and if a recovery cannot be had in this-action, they will be entirely released. This is not necessarily the result. An adjudication between parties who have no right to the subject of the suit, cannot effect those who have, without the acquiescence of the party interested.
The plaintiffs below, when they presented the note to the jury, had made out a case which prima facie authorised a recovery; but the defendants offered to show, that they had no right to the note. If so, of course they had no right to recover, and the court should have received the testimony.
The judgment must be reversed and cause remanded, and venire de novo awarded.