## STUBBLEFIELD v. HAGERTY.

1. Where a garnishee admits in his answer that he had made his promissory note in favor of the defendant in the judgment; but states that he had been notified of its assignment, or that a suit had been brought thereon, against him, in the name of certain persons styling themselves assignees, the plaintiff is not entitled to judgment, without showing that the payee is still the proprietor of the note.

2. The statute in regard to garnishments contemplates an examination in open Court, yet if the record recites that the garnishee had filed his answer, and that the plaintiff had consented to receive the same, an examination in Court will be considered as waived.

THE defendant in error having recovered a judgment against Ezekiel Nichols and others in the County Court of Montgomery, filed his affidavit, pursuant to the statute, with the clerk of that Court, alleging that the defendants in the judgment had no property in their possession; and that he had just cause to believe that the plaintiff in error was indebted to them, or had effects of theirs in his hands: Whereupon, a garnishment was issued and served on the plaintiff in error, who answered "that about the last of February 1836, he executed to A. S. Rippetoe or bearer, his promissory note, for seven hundred and thirty and twenty-one hundredth dollars, one day after date; but that he is entitled to a set-off to said note of about thirty dollars. This garnishee was sued to the Spring Term, 1837, on said note, in the name of Clark & Peters, in Coosa County, as owners and holders of said note. After this garnishee was summoned in this cause on the 25th of September last (1838), he received a written notice from the agent and attorney of Albert S. Rippetoe in said Rippetoe's name, that the note above spoken of, never had been the property of Clark & Peters; but that it belonged to said Rippetoe, and always had. This garnishee never conversed with Clark & Peters about the note, and this is all the proceedings had in said case; and the garnishee is in no other manner indebted."

Stubblefield v. Hagerty.

Upon this answer the Court rendered a judgment against the plaintiff as follows: "This day came the said garnishee and filed his answer, acknowledging an indebtedness to the defendants in the original judgment, in the sum of eight hundred and fifty four and twenty-one hundredth dollars; which answer, the plaintiff consents to receive. And it appearing that the plaintiff has obtained a judgment at the February Special Term of this Court, for the sum of five thousand two hundred and ninety one and ten hundredth dollars, against the defendants viz: Ezekiel Nichols, Andrew Poor, Henry R. Hall, Thomas E. Clark and Otis T. Peters, besides his costs. It is therefore considered by the Court, that the said sum of eight hundred and fifty-four and twenty one hundredth dollars, be condemned in the hands of the said garnishee, towards the payment of the said judgment; and that the plaintiff have execution therefor."

To reverse this judgment, the plaintiff has prosecuted a writ of error to this Court.

GOLDTHWAITE, for the plaintiff.
DARGAN, contra.

COLLIER, C. J.—If the written answer transcribed into the record can be looked to, it is clear that the County Court erred in rendering a judgment against the garnishee. It does not admit an indebtedness: it merely states that two of the defendants in the original judgment were prosecuting a suit against him on a promissory note which he had given to a third person; but that he had received a notice from the payee, that it had never been transferred, and was still his property.

In Robinson v. Rapelye & Smith, (2 Stew't. Rep. 86), it was held that it must be intended that the answer of a garnishee is true where a denial is not interposed in the manner pointed out by the statute. In that case the garnishees admitted that they were once indebted to the defendants in attachment; but that they had been notified by certain persons styling themselves assignees of the defendants, that the demand had been assigned to them. To entitle the attaching creditor to a judgment

against the garnishees, it was decided that it should be shown either that no assignment had been made, or else that the assignment was invalid.   By a parity of reasoning, in the case at bar, it was incumbent on the defendant in error to prove that the note described in the plantiff's answer was the property of some one of the defendants in the original judgment.   See also, Oliver v. Atkinson; (2 Porter Rep. 546): Simpson & Gordon v. Tippin; (5 Stew't. & P. Rep. 208): Smith v. Chapman & Brothers; (6 Porter's Rep. 365.)

It is however objected, that the paper purporting to be the plaintiff's answer to the garnishment cannot be regarded as a part of the record, because it is not made such by bill of exceptions, or in any other manner.

The statute directs that the garnishee upon the return of the summons shall *answer upon oath*, what he is indebted, &c.; and contemplates an examination as to his indebtedness, &c. Though the statute does not in express terms require this examination to be made in open court, yet it is clear from the nature of the inquiry, that it should be there made, unless it is waived by the party interested. (Aik. Dig. 42 and 43.)

In the case before us the judgment recites that the garnishee had *filed his answer, and that the defendant in error consented to receive the same.*   Here is a direct waiver of an examination of the garnishee before the Court, and an admission that his answer had been filed and was received.   We must then suppose, in the absence of any thing of record, from which to deduce an opposite conclusion, that their answer embodied in the transcript is that which the judgment recites as its basis.

Besides; we are aware that a practice has grown up under this statute, of receiving the answer of a garnishee in writing without subjecting him to an examination in Court, unless the party summoning him is persuaded that the answer is not a full disclosure of facts.   This practice, coeval with the statute, furnishes a warrant for taking the answer as a part of the record, when the judgment affirms the fact that it was *received and filed.*

Our conclusion is, that the judgment of the County Court of Montgomery must be reversed, and the case remanded.