FOSTER, NOSTRAND & CO. v. WALKER.

1. A garnishee must be discharged, if no issue is formed on his answer, when he answers that he was once indebted to the defendant by certain notes, three of which are outstanding and unpaid; but as to one, that he was notified by J. E. S. & Co., before the service of the summons, that it was held and owned by them, and on which they had commenced a suit against him; and as to the other two, that he had been notified, since the service of the summons, by C. & A. B., that they were held and owned by them, previous to the service of the summons.

2. A garnishee is not required to determine the validity, or the fact, of an assignment. He may state that he has been notified by a holder of the assignment to him of the note,' and it rests with the plaintiff to contest the *factum* of the assignment, by an issue under the statute.

3. The suppletory oath, required by the statute to be made by the plaintiff, before an issue can be had on the answer of a garnishee, may be made by an attorney, agent, or factor.

4. When the answer of a garnishee admits outstanding notes, given to the defendant, but, that notice has been given of their assignment to other parties before the service of the summons, the oath of an attorney in fact of the plaintiff, that he believes the assignment, if any was made, was made subsequently to the service of the summons, is sufficient to put the answer of the garnishee in issue.

Appeal from the Circuit Court of Mobile County.

ACTION of assumpsit commenced by attachment in June, 1837, at the suit of Foster, Nostrand & Co., against Bard Meslier. The atttachment was served on certain lands, and Daniel Walker summoned as garnishee or the 2d September, of the same year. At the Spring term, 1838, Walker, the garnishee, appeared in open Court, and answered the garnishment, as follows: " That on or about the 12th day of October, 1836, he made and executed to the said Meslier, his four promissory notes of about the said date. One for two thousand dollars, payable ninety days after date; one for two thousand dollars, payable six months after date; one for the sum of twenty-one hundred and forty dollars, payable twelve months after date; the other for the sum of twenty-two hundred and ten dollars, payable eighteen months after date. The first of which notes, he paid to Meslier at the maturity thereof; the second of which

notes, he had been notified by Joseph E. Sheffield & Co., before the notice of the service of garnishment, was held and owned by Joseph E. Sheffield & Co., and that the said Joseph E. Sheffield & Co., had commenced suit against him on the same ; the third, and last of which notes, he had been notified, since the service of said notice, by C. & A. Batre, were held by them before said notice, are held and owned by C. & A. Batre, and said C. & A. Batre had commenced suit against him on the third of said notes. All of which sums mentioned in these last mentioned notes, he was ready and willing to pay as the Court might direct."

After this answer was received; " John N. Mott, the attorney in fact of the said plaintiffs, appeared in open Court and made affidavit, " that the said promissory notes, thirdly and fourthly rendered in the answer of the garnishee were not transferred as set forth in the said answer, at the time of the service of the said summons of garnishment; whereupon, it was ordered by the Court, that an issue be made up by the said plaintiff, and the said defendant, in pursuance of the statute, to be tried at the next term of the Court." Such are the recitals of the entries. The affidavit of Mott appears in the transcript, and it alledges, "that at the time of the service of the summons of garnishment in this case on the said garnishee, the affirmant was not apprized, nor had he any knowledge or belief, that the promissory notes, of the said Walker, thirdly and forthly mentioned in the answer of the said garnishee, had been transferred, or became the property of any third person ; neither had the affirmant any ground to believe, that any such transfer had been made at the time of such service, other than mere verbal declarations recently made to the affirmant, by the parties directly interested in establishing the fact of such transfer. And he does believe, that said transfer, if any, was made subsequently to the said service of garnishee." Whereupon he prays that an issue may be formed according to law."

At the Spring term, 1840, the plaintiffs had judgment against Meslier, the defendant in the attachment for three thousand six hundred and seventy-nine dollars. At the same term the plaintiffs moved the Court, to order a notice to issue to Adolphus Batre, surviving partner of the late firm of Charles &

Adolphus Batre, the assignees named in the defendant's answer. This motion was overruled; at the same term, the defendant moved the Court to strike out the affidavits of the plaintiffs' attorney in fact, and discharge the garnishee, which motion was granted and Walker discharged.

The plaintiffs therefore, prayed an appeal to the Supreme Court, which was allowed, and now assign as cause for reversal.

1st. The refusal of the Court to order the notice to Batre.

2d. The order of the Court, that the affidavit of Mott should be stricken out.

3d. The discharge of the defendant from the garnishment.

Adams, for the plaintiff in error, abandoned the first assignment, as the act of the 5th February, 1840, has only a prospective operation. As to the other assignments, he insisted, that the affidavit of Mott traversed the answer of the garnishee, in the only manner possible—that of not denying the indebtedness to Meslier, in express terms. His liability to C. & A. Batre is not stated or admitted, but is only inferrable from the fact of transfer of the notes to them *before* the service. Now this transfer is deemed bad; therefore, the indebtedness is to be inferred.

If the answer of Mott was properly striken from the files, yet the garnishee ought not have been discharged, because he admits his indebtedness, and shows no fact which discharges it. He does not say that the notes *were* assigned to Batre, but only, that he has been *so informed*. This information comes after the service of the garnishment, and from them, who are interested to give it. It is not like a notice of assignment given before the plaintiff s' right had attached. [11, Mass. 491, 4 ibid. 450. 3 ibid. 358.

Campbell, contra, cited Colvin v. Rich, 3 Porter's Rep. 175; Simpson & Gordon v. Tippen, 5 S. & P. 208.

GOLDTHWAITE, J.—1. It has hitherto been considered, as well settled in this Court, that, to authorise a judgment against a garnishee, his answer must contain a distinct admission of a legal debt due, or to become due, to the defendant in the original suit. Allen v. Morgan, [1 Stewart 9,] Prisnall v. Mabry,

3 Porter, 105 ; Smith v. Chapman, 6, ibid. 365. In this case the answer does not expressly deny the indebtedness, which it admits once existed, but it states that the garnishee has been informed of a fact, which, if true, transfers his indebtedness to another.

2d. There would be a peculiar hardship imposed on the garnishee, if he was obliged, at his peril, to determine whether the information received by him in such a case as this, was true or false. Indeed, he has no means by which he can attain the information necessary to enable him to swear to the certainty of the fact. It is enough, that the answer does not admit a present indebtedness. The statute allows the plaintiff to contest the answer, and to have an issue formed to ascertain, whether the fact put in issue, is true, or otherwise. If the case stood on the answer of the garnishee, he would be entitled to his discharge, according to rules laid down or recognized in the cases cited.

3d. Whether the issue was properly formed in this case depends on the construction of the 25th section of the act of 1833. [Aikin's Digest, 43.] which is in these words : " The plaintiff wishing to controvert the garnishee's answer, may do so by making oath, that he believes the same to be incorrect; whereupon, an issue shall be formed, and tried as in other cases."

The terms used, would seem to indicate that the oath should be made by the plaintiff in person, but the previous sections authorise an attachment to be sued out by an agent, attorney or factor; and it would be unreasonable to suppose, that greater strictness was intended to be imposed on a collateral issue, than is required in the original process; as the statute is not to be rigidly construed, (as declared by its 17th section,) we think, the suppletory oath may well be made by any person, who is authorised to sue out the attachment.

4th. Then, as to the form and substance of the affidavit of the attorney in fact, at first view, it would seem to be very indistinct; but examined, it will be found not to be so, when considered in connexion with the answer. The fact to be controverted, is the discharge of Walker's liability to Meslier the defendant, and the transfer of the indebtedness by the assignment of the note, to C. & A. Batre. Now, on looking into the

answer of the garnishee, we find, that it does not assert either, that Walker has discharged his indebtedness to Meslier, or that a transfer has been made of the notes, to C. & A. Batre, before the service of the garnishment.

It does assert, however, that the garnishee was *informed after* the service, that the notes had been transferred *before.* This assertion is probably true; but yet the fact of an actual transfer, may never have existed; and, without such a transfer, the liability of Walker to Meslier, would continue. The affidavit of the attorney, very properly, in our opinion, puts the transfer in issue, and in the spirit, at least, if not the words, of the statute, states the belief of the attorney, that the statement of the transfer is incorrect. We think the Circuit Court erred, in striking out the affidavit of the plaintiffs' attorney in fact, and consequently, in discharging the garnishee, without a trial of the issue. It may be added, that this view withdraws the case from the influence of the decision, in Simpson & Gordon v. Tippen, 5 S. & P. 208, as the plaintiffs cannot enquire, under this issue, whether the notes were fraudulently transferred to C. & A. Batre; but it only puts in issue the *factum* of the transfer, previous to notice of the garnishment.

Let the judgment be reversed, and the case remanded.