## FORTUNE v. THE STATE BANK.

1. The answer of a garnishee making a special statement of facts, from which it is inferrable that he was once indebted to the defendant in attachment, but that he has been notified by a third person that he is the proprietor of the debt and demands payment, does not authorize the rendition of a judgment against the garnishee. But in such case the plaintiff may contest the answer, and submit an issue to the jury.

2. Where the answer of a garnishee states that a third person sets up a claim to the debt admitted to be owing, the act of 1840 requires a notice to be given to that person; and it seems that two notices returned "not found," are equivalent to personal service, so that the statute applies even where he resides without the State.

3. A garnishee who has answered and admitted an indebtedness to the defendant or some one else equal to the amount of the recovery against him, may, notwithstanding, sue out a writ of error.

49

4. Where the judgment recites that the garnishee had answered at the last term that he was indebted to the defendant, &c., and an answer is copied in the transcript which appears to have been then verified, that answer will be considered by the appellate Court as a part of the record.

WRIT of Error to the County Court of Tuscaloosa.

The defendant in error having sued out an attachment against the estate of Thomas Amis, caused a garnishment to be served on the plaintiff, requiring him to state on oath what he was indebted, &c. to the defendant in attachment. The garnishee appeared and answered that in the spring of 1840, he was indebted to Junius Amis in the sum of four thousand dollars, he then paid about one thousand dollars, and Junius informed him that he should give the control of the balance to Thomas Amis, to be used by him for his own purposes; that at the time the payment was made, his notes were in the hands of R. B. Waller for collection, but without suit; that the notes still continued in the hands of Waller until June, 1840, when garnishee made another payment to him of some eight hundred or one thousand dollars, which Waller informed affiant he paid to Thomas Amis, who admitted to affiant he had received it. Garnishee distinctly understood from Junius that he had parted with all his property in the notes to Thomas Amis, and his object was to enable him to pay his debts with the proceeds. Since that time, in the spring of 1841, and since the garnishee was summoned, Junius applied to him for the payment of the balance due on the notes; that garnishee refused to pay the same upon the ground that process of garnishment had been served on him in this case. Junius then claimed the debt as his own, and garnishee being informed that one thousand dollars would pay the amount sought to be recovered of Thomas Amis, then paid Junius one thousand dollars. There is still due from garnishee one thousand dollars, which, until the interview with Junius as related, he had supposed was owing to Thomas Amis.

The bank recovered a judgment against the defendant in attachment for four hundred and ninety-two 50-100 dollars, debt, &c. and twenty dollars and fifty cents costs; and thereupon a judgment for the like sum was rendered against the plain-

tiff in error, as a garnishee. To revise the latter judgment a writ of error has been sued to this Court.

PECK & CLARK, for the plaintiff in error.

B. F. PORTER, with whom was CRABB & WM. COCHRAN, for the defendant.

COLLIER, C. J.—It has been repeatedly decided by this Court, to authorize a judgment against a garnishee, his answer must contain a distinct admission of a debt due or to become due to the defendant in the principal cause. [Allen v. Morgan, 1 Stew. Rep. 9; Presnall v. Mabry, 3 Porter's Rep. 105; Smith v. Chapman, 6 id. 365; Stubblefield v. Hagerty, 1 Ala. Rep. 38; Mims v. Parker & Coffman, id. 421; Foster, Nostrand & Co. v. Walker, 2 Ala. Rep. 177.] In the case at bar the answer of the garnishee does not admit that he owes the defendant any thing, but it is a mere admission that he is indebted in a sum greater than that sought to be recovered by the plaintiff in attachment, and that the notes evidencing his indebtedness were once under the control of the defendant, and he supposed him to be their proprietor, but he has learned since, from Junius Amis, to whom they are payable, that they are his property. This answer does not subject the garnishee to a judgment; he has stated with particularity the facts to which he was required to answer, and could not be required to determine to whom he is a debtor. [Foster, Nostrand & Co. v. Walker, 2 Ala. Rep. 177.] The case of Baker v. Moody, [1 Ala. Rep. 315,] is unlike the present. There the garnishee answered that he had in his possession a sum of money belonging to the defendant in attachment, but which he was informed by him was to be paid over to another person, but that person had given no notice of any claim to it; it was held that if the third person had given notice to the garnishee of his claim to the money, no judgment could have been rendered upon an answer disclosing that fact; but this not appearing, the answer must be regarded in effect as the admission of an indebtedness to the defendant.

If the plaintiff desired to proceed further against the garnishee, the remedy was a plain one, he might have contested the answer and thus submitted the question in controversy to a

jury. The act of 1840, "to amend the law in relation to garnishments," requires a notice to be given to a person who is shown by the answer to set up a claim to the debt or property in respect to which the garnishment issued, by virtue of an assignment or transfer. This statute is beneficial in its provisions, and should receive a liberal construction, and being thus interpreted, might be held to embrace the case stated by the garnishee. There can be no difficulty in proceeding under it, although the person claiming the debt may reside without the State; in such case, we, (as in analagous cases,) would be inclined to hold, that the return of two notices not executed, was equivalent to a personal service.

It has been argued that as the garnishee submitted to answer, and shows that he is indebted even beyond the amount of the judgment against him, that he should not now be heard to insist on error, that, that judgment is erroneous. This argument cannot be maintained. It has been often held that a garnishee may prosecute a writ of error, and show that the judgment should not have been rendered against him, even where his answer discloses an indebtedness to the defendant, or some one who claims the debt through the defendant. And in one case at least, it was considered necessary to the garnishee's protection that he should not submit to an erroneous judgment. [Colvin v. Rich, 3 Por. Rep. 175.] The more especially is this decision applicable, where the garnishee is urged, by the person claiming the debt, to sue a writ of error.

It was suggested, that the answer of the garnishee sent up with the transcript, is no part of the record, and to entitle it to be thus considered, it should have been embodied in a bill of exceptions. This point was made in Stubblefield v. Hagerty, [1 Ala. Rep. 38.] In that case the judgment recited that the garnishee had filed his answer, and that the plaintiff had consented to receive it; and this was held sufficient to authorize this Court to regard it as the basis of the judgment of the County Court. In the case before us, the judgment states "that the said John A. Fortune had answered at the last term of this Court, that he was indebted to the said Thomas Amis the sum of one thousand dollars," &c. Upon looking into the answer, we discover that it was verified at the time recited in the judgment; and as the garnishee's answer must have been re-

duced to writing, having been made at the term preceding the judgment, it will be intended that the paper found in the transcript is that on which the court acted.

This view of the case is decisive to show, that the judgment of the County Court must be reversed and the cause remanded.