## HODGES vs. WHITE.

1. Where a garnishee answers, that he has executed a note to the trustee of a married woman for the hire of slaves conveyed to him by marriage contract between his *cestui que trust* and her husband—whether the marriage contract vests a separate estate in the wife or not—no judgment can be rendered against the garnishee as the debtor of the husband; but the trustee in such case must be brought before the court, in order that he may have an opportunity to defend his title to the note.

Error to the County Court of Barbour.

Buford, for the plaintiff.

Cochran & Sayre, contra.

DARGAN, J.—The plaintiff in error was summond as garnishee, to answer whether he was indebted to John P. Booth, against whom, White had obtained a judgment. The garnishee denied that he was indebted to Booth, the defendant in the judgment, or that he had any effects of his in his possession; but admitted, that before the service of the garnishment, he had hired of George C. Hodges, certain slaves for a term of years, and had executed his notes to him for the hire, as the trustee of Mrs. Booth, the wife of the defendant in the judgment. The answer further states, that at the time of the hiring, Hodges held the slaves by virtue of a marriage contract between John P. Booth and his wife, entered into before marriage, by which the slaves were conveyed to him for the sole and separate use of Mrs. Booth. A copy of the marriage contract was then produced, and the garnishee admitted that the slaves had been in the possession of Booth after the marriage.

The court, acting under the impression that the marriage contract did not vest the title of the slaves in Hodges, as trustee, for the sole use of Mrs. Booth, rendered judgment against the garnishee.

We think the court erred: No judgment can be rendered against a garnishee on his answer, unless it contain a clear

and direct admission of indebtedness from him to the defendant in attachment. Presnall v. Mabry, 3 Port. 105; Stubblefield v. Hagarty, 1 Ala. 38; Mims v. Parkman, et al. 1 ib. 526; Jones v. Norris, 2 ib. 524. The garnishee, by his answer, admits no indebtedness to Booth, and even if the marriage settlement was insufficent to vest the legal title of the slaves in Hodges, the trustee for *the sole use of Mrs. Booth*, yet as the notes are payable to the trustee, before the money can be condemned to satisfy the judgment against Booth, Hodges, to whom they are payable, should have been a party to the proceedings, in order that he might have an opportunity to defend his title to the notes. In the case of Covington & Reaves v. Kelly, 6 Ala. 860, we held, that where a trustee, appointed under a deed of trust for the benefit of creditors, has placed the choses in action, in the hands of an attorney, and the latter is garnisheed by a creditor of the grantor in the deed, no judgment can be rendered against him, until the trustee is brought before the court, and the deed of trust is declared invalid. This authority is conclusive to show that Hodges, the trustee, must be brought before the court, and his title adjudicated, before a sum of money, payable by note to him, can be condemned to satisfy the debt of another.

We decline to express any opinion on the sufficiency of the deed to settle the property on Mrs. Booth, for her separate use, as it is not necessary to the decision of the cause.

Let the judgment be reversed, and the cause remanded.