W. D. EDNEY, PLAINTIFF IN ERROR, V. H. S. WILLIS ET AL., DEFENDANTS IN ERROR.

1. **Negotiable Instruments:** TRANSFER OF NOTE AFTER MATURITY. Where a negotiable promissory note is transferred after due, its non-payment is a suspicious circumstance, and if the note has been paid, in whole or in part, before the transfer, such purchaser will take subject to such payment. *Davis v. Neligh*, 7 Neb., 78.

2. ——: ——: GARNISHMENT. Where a negotiable promissory note is transferred by endorsement after maturity, the legal title is thereby vested in the indorsee, and the amount due on the note cannot thereafter be garnished in the hands of the maker as a debt due to the original holder, whether the maker has notice of the transfer or not.

3. **Garnishment.** A garnishee cannot be charged as the debtor of the defendant unless it appear affirmatively that at the time of the garnishment the defendant had a cause of action against him for the recovery of a legal debt due or to become due by the efflux of time.

ERROR to the district court for Madison county. Tried below before CRAWFORD, J.

*Allen & Robinson*, for plaintiff in error, cited: *Knisely v. Evans*, 34 Ohio State, 161. *Hollingsworth v. Fitzgerald*, 16 Neb., 496. Drake on Attachment, Secs. 582, 592. *Commissioners v. Fox*, Morris (Iowa), 48. *Fowler v. Doyle*, 16 Iowa, 536. *Copeland v. Manton*, 22 Ohio State, 404. *Baxter v. Little*, 6 Met., 7.

*Brome, White & Mapes*, for defendants in error, cited: *McCoid v. Beatty*, 12 Iowa, 299. *Davis v. Neligh*, 7 Neb., 81. *Walters v. Ins. Co.*, 1 Iowa, 405. *Scott v. Hawkins*, 99 Mass., 550. Waples Attachment, 364–5. *Campbell v. Nesbitt*, 7 Neb., 300.

MAXWELL, J.

This is an action upon a promissory note, and was submitted to the court below upon the following stipulation of facts:

"It is hereby agreed by and between the parties to this case that this case shall be tried and determined by H. D. Kelly, county judge of the county court of Madison county, Nebraska, upon the following agreed statement of facts, and no other evidence than this agreed statement of facts shall be received or considered upon the trial or hearing in the case before H. D. Kelly, county judge, and for these purposes the parties hereto agree as follows:

"*First*, That on the 25th day of August, 1883, the defendants, George W. Honeysette and H. S. Willis, for a valuable consideration, made, executed, and delivered to J. B. Crook the promissory note sued on in this case, which is in the words and figures following, to-wit:

'$150.00          BLAKELY, NEB., Aug. 25th, 1883.

'On or before the first day of January, 1884, we jointly and severally promise to pay J. B. Crook. or bearer, one hundred and fifty dollars, at the Burnett Bank, at Burnett, Nebraska, with interest at ten per cent per annum from date until paid.    Value received.

'H. S. WILLIS.
'GEORGE W. HONEYSETTE.'

"*Second*, That said promissory note was transferred by blank endorsement thereof by the said J. B. Crook, the payee, for value, and before maturity, to W. A. Edney, the only banker doing business at the time at Burnett, Neb., and as such banker he purchased said note.

"*Third*, That soon after the maturity of said note said Mr. W. A. Edney failed as a banker; that about that time Lukhardt & Memminger began the banking business in Burnett, Nebraska, and since then have continued said business there.

"*Fourth,* That while W. A. Edney was carrying on said banking business, and after said promissory note had matured, to-wit, on or about the first day of May, 1885, thirty dollars was paid on said note by the defendants, the endorsement being dated January 3, 1884.

"*Fifth,* That the Iowa Saving Society Institution, before said W. A. Edney failed in said banking business, sent him for collection notes against third parties, whose names are now unknown, to the amount of $380, which he collected but failed to remit.

"*Sixth,* That after said W. A. Edney failed in said business, and on or about the 27th day of August, 1885, an action was brought by said Iowa Saving Society Institution to recover the said $380 against said W. A. Edney, before Herman Gerecke, a justice of the peace in and for Norfolk precinct, in Madison county, Nebraska; that an order of attachment was issued in said action, and notice of garnishment served upon these defendants, as supposed debtors of said W. A. Edney, in the manner provided by law, and these defendants appeared in response to said notice, and made answer therein as follows : ' That they were the makers of a certain promissory note for $150 ; that before maturity, January 1, 1884, the said note was purchased by one W. A. Edney, who then became the owner thereof; that they last saw said note about May 1, 1884, when they made a thirty dollar payment thereon; that said note at that time was owned and in the hands of said W. A. Edney, who received said sum. That thereupon and on the 27th day of August, 1885, said justice of the peace made an order in said action, ordering and requiring said defendants to pay into court the amount then due on the promissory note in suit, to-wit, the sum of $150, and in pursuance thereof, and without any further proceedings against them, the defendants did, during the month of September, 1885, pay into court, in said action, the amount due upon said note, to-wit, the sum of $150.'

"*Seventh,* That after the failure, and during the summer of 1885, said W. A. Edney left Burnett, Nebraska and went to Clinton, Iowa, where his father, W. D. Edney, plaintiff in this case, resides and has resided for a number of years past; that said W. D. Edney has never resided in the state of Nebraska.

"*Eighth,* That said promissory note in suit was, on the 14th day of May, 1885, endorsed, sold, and assigned by said W. A. Edney to the plaintiff, W. D. Edney, for a valuable consideration, and the latter since then has been, and now is the holder and owner thereof.

"*Ninth,* That the only service made in said case above mentioned on W. A. Edney was by publication, and judgment was entered therein on his default. W. D. Edney, the plaintiff, was in no manner made a party to said case, nor have his rights to the promissory note in suit or the proceeds thereof ever been adjudicated, nor did he have any knowledge or notice of the garnishment proceedings against these defendants hereinbefore mentioned.

"*Tenth,* That at the time the defendants were garnished as above stated, the promissory note in suit was in the bank of Lukhardt & Memminger, at Burnett, Nebraska, where it had been placed in June, 1885, and before the defendants were garnished as aforesaid, by W. D. Edney as his property, for collection, and remained there until February, 1886.

"*Eleventh,* That at the time said garnishment proceedings were had and the amount due upon said note was paid into court as aforesaid, the defendants had no notice or knowledge whatever of the aforesaid transfer of said note to W. D. Edney, nor did said defendants at that time have any notice or knowledge of any transfer or sale of said note by said W. A. Edney, but N. A. Rainbolt, attorney of the said Iowa Saving Society Institution, said to said defendants that he personally would save them harmless against all loss or damage by reason of paying said money into court on said garnishment proceedings.

"*Twelfth*, It is further agreed that the note sued upon in this case shall be attached to this stipulation and be considered by the court.

"*Thirteenth*, If the court finds for the plaintiff he shall have judgment for the amount shown to be due according to the terms thereof, deducting said $30 payment, with ten per cent interest thereon as provided in said note, together with costs of this action, and if the court finds for the defendants, judgment shall be for their costs.

"This stipulation shall not waive any appellate rights either party might otherwise have.    April 29, 1886.

"Signed,                    W. D. EDNEY, by

"ALLEN & ROBINSON, his Attorneys.

"H. C. BROME, Attorney for Defendants."

The county court found for the defendants, which judgment was affirmed by the district court.

It will be seen that the stipulation admits that W. D. Edney became the owner of the note in question in May, 1885, and that the garnishment proceedings were instituted in the month of August following, but that no notice of such transfer was given to the maker of such note. The defendant in error contends that such notice was necessary in order to protect the holder as against payments made by the maker, and *Davis v. Neligh*, 7 Neb., 78, is cited to sustain that position. In that case Neligh gave one Leonard Kryger a promissory note, dated November 7, 1872, and due in two months from date. The pleadings and testimony showed that the real owner of the note was one John B. Thompson, that Kryger had no interest in the note whatever, but at the request of John B. Thompson endorsed the note payable to E. C. Thompson, the wife of John B. Some time in February after the note became due, Neligh (the maker) saw the note in the hands of John B. Thompson, at that time it not being endorsed, and made payments on the note which were not endorsed thereon, Neligh seemingly trusting to Thompson's honor to make

such endorsements. There was no claim that Davis was the holder of the notes until after these payments were made, nor proof that he was a *bona fide* purchaser. On page 83 it is said that Thompson had "received from Neligh the full amount of the note before Neligh had notice of the assignment to Davis." These words, however, must be construed with reference to the facts in that case, and were not intended to establish the rule that notice by the holder of an overdue note to the maker was necessary in order to protect the rights of such holder. In other words, that where a past due note had actually been paid to the rightful owner before it was transferred, the transferee would take it subject to such payment.

Section 31 of the code provides that, "In the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense now allowed; but this section shall not apply to negotiable bonds, promissory notes, or bills of exchange, transferred in good faith and upon good consideration, before due." This clearly implies that set-off may be allowed against a note transferred after due. In England the endorsee of an overdue note or bill is liable to such equities as attach to it in itself, but only to such, and not to those arising out of collateral matters, nor to any set-off that is not good against his endorser. And so at common law in this country, in some states it is held that not all equities which might be set off against the original payee can be set off against a third party who is affected with constructive notice of set-off, but only those attaching to the particular note in suit. 2 Parsons N. and B., 603 and 604, and cases cited.

In Daniel on Neg. Ins. it is said: "It is to be regretted that the decisions in the United States do not uniformly follow the English rule." Sec. 726.

The English rule seems to be based upon the doctrine of recoupment, and is not applicable in any state having a

statute similar to our own, where independent and collateral claims may be set off against an overdue note in the hands of a payee. 2 Parsons N. and B., 604. *Peabody v. Peters*, 5 Pick., 1. *Stockbridge v. Damon*, Id., 223. *Sargent v. Southgate*, Id., 312. *Braynard v. Fisher*, 6 Id., 355. *Grew v. Burditt*, 9 Id., 265. *Shirley v. Todd*, 9 Greenl., 83. *Baxter v. Little*, 6 Met., 7. *Pettee v. Prout*, 3 Gray, 502. *Bond v. Fitzpatrick*, 4 Id., 89. *Martin v. Trowbridge*, 1 Vt., 477. *Savage v. Davis*, 7 Wend., 223. *Furniss v. Gilchrist*, 1 Sandf., 53. *Hedges v. Sealy*, 9 Barb., 214. *McKenzie v. Hunt*, 32 Ala., 494.

Where a note is transferred after it is due, its non-payment is a suspicious circumstance. It is dishonored, and the endorsee or purchaser takes it wholly on the credit of the endorser, payee, or seller. *Bridge v. Johnson*, 5 Wend., 355. Thus, suppose the maker had paid the holder the full amount due on the note, the transferee would take the note subject to such payment; that is, he would take merely the rights which his endorser possessed at the time of the transfer. Where, however, a negotiable note is transferred by endorsement after maturity, the legal title is thereby vested in the endorsee, and after such transfer the amount due on the note cannot be garnished in the hands of the maker as a debt due the original holder, whether the maker has notice of the transfer or not. *Kinsley v. Evans*, 34 O. S., 158. The reason is, that in order that a cross-demand may exist which would not be defeated by an assignment under section 31 of the code, it must have existed before the assignment and been such that at the time of the assignment either party could have brought an action against the other.

In the case under consideration, it is agreed that the plaintiff in error had obtained an assignment of the note, more than two months before the action in garnishment was instituted, and we are led to infer that this transfer was *bona fide*. The plaintiff, therefore, possessed the evi-

·dence of the debt, and as no set-off is claimed against it, or any payment, except the sum of thirty dollars, he was the owner of the note and entitled to the proceeds, and the maker was indebted to him and not to W. A. Edney.

It is evident, too, from the answer of the garnishee, that he should not have been required to pay the money. The rule is, that to charge the garnishee as a debtor of the defendant, it must appear affirmatively that at the time of the garnishment the defendant had a cause of action against him for the recovery of a legal debt due, or to become due by the efflux of time. Drake on Attachment, Sec. 583. *Wetherill v. Flanagan*, 2 Miles, 243. *Bridges v. North*, 22 Georgia, 52. *Allen v. Morgan*, 1 Stewart, 9. *Pressnall v. Mabry*, 3 Porter, 105. *Smith v. Chapman*, 6 Id., 365. *Mims v. Parker*, 1 Ala., 421. *Foster v. Walker*, 2 Id., 177. *Fortune v. State Bank*, 4 Id., 385. *Connoley v. Cheeseborough*, 21 Id., 166. *Estill v. Goodloe*, 6 La. Annual, 122. *Harney v. Ellis*, 11 Smedes and Marshall, 348. *Brown v. Slate*, 7 Humph., 112. *Davis v. Pawlette*, 3 Wis., 300. *Wilson v. Albright*, 2 G. Greene, 125. *Pierce v Carleton*, 12 Ill., 358. *People v. Johnson*, 14 Id., 342. *Ellicott v. Smith*, 2 Cranch C. C., 543. The stipulation of facts in this case fails to show such liability on the part of the garnishee.

The judgment of the district court is reversed, and judgment will be entered in favor of plaintiff for the amount stipulated in the agreement.

JUDGMENT ACCORDINGLY.

THE other judges concur.