JANUARY 1831

Brown
v.
J. & T. Simp-
son, surviving
partners.

WITHERSPOON v. BARBER.

1. A proceeding by garnishment, is a suit, and a justice cannot render judg-
ment therein against the garnishee, for a sum beyond his jurisdiction,
although it may be founded on several judgments against the original de-
fendant.
2. And although one answer of a garnishee, may authorize more than one
judgment, yet it would be extremely irregular, if not erroneous, to render
but one, to satisfy several executions against the defendant.
3. In a suit by garnishment, judgment cannot be rendered against the gar-
nishee for the costs of the original suit.
4. Where a justice renders judgment for an amount over fifty dollars, it is
void; and the Court to which the case is removed by *certiorari*, cannot
take cognizance thereof, for want of jurisdiction in the justice.

BARBER obtained three judgments against Gamble,
before a justice of the peace of Greene county, two of
$40 84 each, and one of $21 93, amounting in all, to
$103 61.   Witherspoon appeared and answered as a gar-
nishee at the suit of Barber, though there was no summons
nor affidavit, and admitted he, as cashier of Concord
Academy, had a sufficiency of subscriptions in favor of
Gamble, some of which were then due, to satisfy the debts
due to Barber; whereupon, the justice gave judgment
against him for $30 then due, and for $136 98 to become
due thereafter.   Both these sums were embraced in the
one judgment against the garnishee.   Witherspoon sued

JANUARY 1831 out a *certiorari*, to carry the cause to the County Court, and there moved to quash the garnishment, which motion was overruled, and he thereupon answered, denying any indebtedness.   Barber thereupon filed an affidavit, setting forth, that Witherspoon did have effects in his hands belonging to Gamble, and he believed Witherspon, as cashier, &c. was indebted to Gamble.   To this affidavit Witherspoon excepted, on the ground of its insufficiency; but the Court overruled his exception, and ordered an issue to be made up as follows: "had or had not the defendant effects in his hands belonging to Gamble, or was he or not indebted to Gamble."   In this issue, Witherspoon refused to join, and a trial was had *ex parte*, in which the jury found the following verdict:  "We find for the plaintiff, and assess his damages to $73 25;" and thereupon the Court rendered a general judgment for the amount and all costs.   From this judgment the plaintiff in error appealed, and here assigns as error, 1st. that the verdict and judgment were general instead of being special; 2nd. that they do not shew whether Witherspoon had effects belonging to Gamble, or was indebted to him, and if. either, to what amount; 3d. that he was condemned for all the costs of the suit, and no allowance made for his attendance and making answer; and 4th. that the County Court had no jurisdiction of the matter, in as much as the justice had none, the sum claimed being over fifty dollars.

Margin note: Witherspoon v. Barber.

STEWART, argued for the plaintiff in error, that the proceedings below were erroneous for want of affidavit and summons, as the law requires;[a] that the Court below had no jurisdiction, and could not render judgment.[b]   He also contended that the proceedings should have been quashed, in as much as there was but one garnishment on three cases, and there could be no certainty which judgment was satisfied.   That the affidavit of the plaintiff to produce an issue was insufficient, and the issue which was presented was double, shewing two different inquiries, requiring different judgments;[c] finally, he insisted that the verdict and judgment were general, and therefore wrong, and moreover gave the entire costs of the suit against the garnishee, without making any allowance for his attendance, which was strictly enjoined by the statute.

Margin notes: *a* Laws of Ala 314, 316. Stewart's R. 33.  *b* Const. of Ala., art. 5, sec. 6, 10.  *c* Laws of Ala 314, 316, 20 sec. 3 proviso.

VAN DE GRAAFF, for the defendant in error.   The first point made by the bill of exceptions, is a motion to

quash the garnishment, because there was no affidavit nor summons of garnishment issued, which was overruled. Should this have prevailed? what is meant by it; there was evidence that a notice of garnishment had issued, in the return of the *certiorari* to the County Court. In the petition for the *certiorari*, Witherspoon states himself to have been summoned; he stiles himself garnishee in his answer before the justice. And if a writ of garnishment did issue, the presumption is that an affidavit was made. The bill of exceptions only states that the affidavit, &c. was not in Court; not pretending that it was made to appear to the Court below, that none ever existed. The present case is a proceeding entirely between the garnishee and the plaintiff; it is competent for him to waive the writ and affidavit. We are not now enquiring whether the proceedings have been regular as to the defendant; the question is, are they regular as to the garnishee. May he not release errors, if so, can he not cure that which is matter in abatement, by setting up in his defence, matter in bar? If he can do this, I see no reason why he cannot; he has then waived all objections in abatement, by answering and denying indebtedness. If a demurrer be overruled improperly, and the party plead over, he loses his advantage. The second point presented by the bill of exceptions is, that the plaintiff's statement in answer to the garnishee's answer, sets forth that the garnishee had in his hands, effects belonging to the defendant, Gamble, and further, that the plaintiff believed the garnishee was indebted as cashier, &c. This is just as it should be.[a] The third point arising out of the bill of exceptions is, that the Court directed an improper issue, as shewn by the record, in which Witherspoon refused to join. The issue may be informal, but that is the only objection; it is substantially correct. It is not shewn what objection, if any, the garnishee made specifically, or that he was willing to perform his part in making up an issue. The objection that the verdict and judgment were too general, can avail nothing; it sufficiently appears from the finding that the garnishee had money of the defendant in his hands.

By JUDGE WHITE. A proceeding by garnishment is a suit, and in this as in other suits, the limits prescribed by the constitution and laws, of the jurisdiction of justices of the peace must be observed. In the present case, the justice rendered a judgment against the plaintiff in error,

43

JANUARY 1831

Witherspoon
v.
Barber.

for a sum far exceeding his jurisdiction: this he had no authority to do. Nor can so fatal an error be cured by the fact that this judgment was founded on, or grew out of three others, each of which separately, was within his jurisdiction. For in the first place, I know of no principle that would justify the rendition of but one judgment against a garnishee, for the satisfaction of several different judgments. Though one answer of a garnishee in Court, might authorize more than one judgment, it would be extremely irregular, if not erroneous, to render but one judgment upon two or more executions, returned *nulla bona*, notwithstanding they might be at the instance of the same plaintiff against the same original defendant. But when such consideration, if we may so term it, would enlarge the judgment beyond the jurisdiction of the Court, there can be no doubt it would be erroneous. All will admit that three notes or bonds, each under fifty dollars, but which together would exceed that sum, could not be joined in one action before a justice of the peace. Neither could three judgments amounting to a sum beyond their jurisdiction. Then if a proceeding by garnishment is a suit, the same principle would apply. The constitution and statute limiting the jurisdiction of justices, speak of the amount in controversy, and not of the particular character of the remedy. The liability of a garnishee, is often a question of no small difficulty, and they are as much interested as other defendants, in having that liability ascertained, according to the correct and settled principles of law. The same reason therefore which dictated the policy of restricting the jurisdiction of parties in common cases, to sums under fifty dollars, would extend to this. As for the fact that three separate executions were issued upon this judgment against the plaintiff in error, this was rather adding to the list of errors, than a removal of one which had previously intervened. For if the justice had no jurisdiction, his judgment was void, and would not warrant any execution; and if any, surely not more than one. It follows as a necessary consequence, that as the case originated before a justice, and was removed by a *certiorari* to the County Court, if the former had not jurisdiction, the latter should not have rendered the judgment they did. We are also of opinion that the Court below erred in giving judgment for the costs of the original proceeding against the garnishee. In such a case, the person summoned is bound to attend, not by reason of his own default, but for

the benefit of a third person, to whom he was not previ-
ously liable to pay the debt.    If then he should not de-
fend beyond the original judgment, it would be most un-
reasonable to subject him to costs, and hence the statute,
so far from sanctioning this, has expressly allowed him
pay for his attendance.    Then if he were in default at all,
it did not commence until the removal of the case by *cer-
tiorari*, and was not subject to any previous costs.    For
these reasons, the judgment must be reversed.

Judgment reversed.