## MOORE & LYONS *vs.* STAINTON ET AL.

1. Process of garnishment may be sued out against an executor or administrator, as the debtor of a legatee or distributee, before the lapse of six months from the grant of letters; but no judgement can be rendered against him, as such, until the estate is finally settled. (Code §§ 1917, 2519, 2520, 2522.)
2. It is not necessary that the notice served on the garnishee should be signed by any one.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. JOHN A. CUTHBERT.

The appellants commenced a suit by attachment against John A. Stainton, as a non-resident, and summoned the appellees, as administrators with the will annexed of John Stainton, deceased, as garnishees. The appellees appeared at the term to which they were summoned, and moved to dismiss the garnishment, on the ground that they had no legal notice, and because the garnishment was sued out within six months from the grant of letters of administration.

On this motion, the court discharged the garnishees, and the plaintiffs took an appeal to this court.

R. C. TORREY, for appellants.

S. J. CUMMING, *contra.*

GIBBONS, J.—The motion to dismiss the garnishment proceedings against the defendants in error, is confessedly predicated upon section 1917 of the Code, which is as follows: "No suit must be commenced against an executor or admin-

istrator, as such, until six months, and no judgment rendered against him, as such, until eighteen months after the grant of letters testamentary or of administration."

It is insisted that the garnishee process is a suit within the meaning of this section of the Code, and therefore the judgment of the Circuit Court was correct. That a proceeding by garnishment, to subject the funds of a defendant in attachment or execution to the judgment or debt of a creditor, is a suit, is a proposition well sustained by authority. Witherspoon v. Barber, 3 Stew. 335; 3 Porter 105; Thomas v. Hooper, 5 Ala. 442; Travis v. Tart, 8 Ala. 574.

These decisions were made by this court under the law as it stood in Clay's Digest, previous to the adoption of the Code; and, as a general proposition, they are undoubtedly correct. The question presented for our decision in the present case is, whether such a garnishment as the present, under the Code, was, in the contemplation of the law, such a suit as was intended to be prohibited before the lapse of six months from the granting of letters of administration?

Conceding that the proceeding by garnishment is a suit, and connecting this proposition with section 1917, above cited, and construing said section literally, it would seem to follow, plainly enough, that the decision of the court below was in conformity with it. But a doubt arises as to the correctness of this construction, when certain other sections of the Code are examined in relation to the process of garnishment against executors and administrators. Section 2519 says: "Executors and administrators may be garnisheed for a debt due by the testator or intestate to the defendant, and may commence a suit by attachment in their representative character." Again; section 2520 says: "Executors and administrators may be garnisheed for debts due the legatees or distributees; but no judgment can be rendered against them, until a settlement of the estate, unless they assent to the legacy, or admit assets to pay the amount claimed, or some portion thereof, out of the distributive share of the debtor."

Section 2522 is as follows: "No judgment can be rendered against an executor or administrator, upon his answer in attachment or garnishment, until the lapse of eighteen months after grant of letters."

It will be seen by these latter cited sections, that, while they extend the remedy of garnishment to cases that could not be reached by the same process under the old law, they prescribe with definiteness in such cases the periods within which judgments shall not be rendered, and at the same time are silent as to the time when the proceedings may be commenced.

Section 1917, while it prescribes that no suit shall be commenced within six months from the granting of letters of administration, also prescribes that no judgment shall be rendered until after the lapse of eighteen months from such grant of letters as aforesaid. This section would seem to prescribe the general rule as to the commencement of ordin-- ary suits against executors and administrators. But we find in section 2522 a special provision, that no judgment on garnishment process shall be rendered until after the lapse of eighteen months from the granting of letters of administration upon the estate. The repeating of this prohibition in this section, as applied to judgments to be rendered against executors and administrators, is certainly persuasive to show that it was not the intention of the codifiers to place garnishment process against executors and administrators, as described in sections 2519 and 2520, on the same level with ordinary suits; more particularly, as none of these latter sections prescribe the time as to when these proceedings may be commenced.

As the sections 2519, 2520 and 2522 prescribe that in no case can a judgment be rendered against the garnishee until after the lapse of eighteen months from the granting of letters; and in case the legacy or distributive share of an estate belonging to a defendant in attachment, is sought to be recovered, that no judgment can be rendered until such estate is finally settled, we do not see how the evils which might accrue from ordinary suits, and which are sought to be guarded against in section 1917, could arise. Nor do we see any good reason why the creditor should be debarred from serving his process of garnishment in the cases prescribed in sections 2519 and 2520, before the lapse of six months after the grant of letters of administration. In such cases, and particularly in the cases prescribed in section 2520, the exec-

utor or administrator has no interest whatever in the funds sought to be reached by the process, but is a mere stake-holder or trustee, coupled with no interest whatever. We do not see any reason why a creditor, in such cases, should be debarred from issuing and serving the process of garnishment; as thereby he effects a lien upon the funds, without any detriment or injury whatever to the executor or administrator, as he is not bound to answer, until after the lapse of eighteen months from the grant of letters of administration; and in case it is a legacy or a distributive share which is sought, no judgment can be rendered until after the estate is finally settled. In such cases, to deprive the creditor of the power to issue his process, and effect his lien, for the space of six months after the grant of letters of administration, would be to grant to the legatee or distributee, who was disposed to act fraudulently, that much time to effect a fraudulent disposition of the funds sought to be reached, without conferring any benefit whatever upon the executor or administrator, in whose hands the funds are. Our conclusion is, that in the cases prescribed in sections 2519 and 2520 the process of garnishment may be issued before the lapse of six months after the grant of letters of administration, and it was therefore error in the court to dismiss the garnishment process for that reason.

The judgment of the court below is further sought to be sustained, on the ground that the notice itself served on the defendants in error is not a legal notice, not being in conformity to the requirements of section 2517 of the Code. The only defect insisted upon in argument is, that said notice does not appear to be signed by any one. The form of the notice, so far as the contents thereof are concerned, is entirely in conformity with the requisitions of the last named section of the Code; and this notice, as appears by the return of the sheriff, was served on the defendants by the sheriff. We see no positive requirement of the section above named to the effect that the citation should be signed by any one. The language of the section is: "Such person is called the garnishee, and must be cited by the officer to appear at the return term of the writ and answer." &c., "a copy of which citation he must return executed, together with the attach-

Moore & Lyons v. Stainton et al.

ment and levy." The contents of the notice, as shown by the record, are, in our opinion, unobjectionable; neither is the notice defective in form.

It results, that the judgment of the court below is reversed, and the cause remanded.