Thomson, J.,
delivered the opinion of the court.
This suit was brought upon a forthcoming bond in attachment. The complaint alleges that the plaintiff, on the 26th day of May, 1892, commenced his action against C. W. Phelps and W. D. Pennock, and caused a writ of attachment to be issued in aid of the suit, by virtue of which writ certain personal property of the attachment defendants, of the value of about $700, was levied upon and seized; that thereupon the attachment defendants procured the release of the property from the attachment by executing a bond or undertaking as provided by the statute, with the defendants as sureties, conditioned for the redelivery of the property to the proper officer in case the plaintiff should recover judgment in the action and the attachment should not be dissolved, and for the payment to the plaintiff of the value of the property in default of such redelivery. The complaint further alleges that the plaintiff recovered judgment against the attachment defendants, but that default was made in the redelivery of the property, in that when the property, which consisted of printing material, was released to the attachment defendants, it was *516 new and in good condition, whereas when it was redelivered, about a year afterwards, it was “worn, injured and damaged by wear and tear, usage and neglect,” and its value had deteriorated and depreciated to the amount of $476.18.
The defendants interposed a demurrer to the complaint on the expressed ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and, the plaintiff declining to amend, final judgment was entered against him for costs, from which judgment he has appealed to this court.
The only question for determination relates to the sufficiency of the complaint. It is contended in behalf of the defendants that the complaint shows upon its face that the same property taken in attachment and released to the defendants upon the execution of the bond was by them redelivered to the proper officer, and that there was, therefore, no breach of the conditions of the bond. The allegation, however, is that when the property was delivered to the defendants it was new and in good condition, and when it was redelivered by them, about a year afterwards, by reason of wear and tear, usage and neglect, it was worn, injured and damaged, and its value depreciated and deteriorated so that the plaintiff sustained damage and loss in a considerable sum. The same articles of property received by the defendants seem to have been returned by them, and perhaps it may be said that, technically, they complied with the conditions of the undertaking in that particular; but as the property was returned in a worn and damaged condition, the compliance was only technical, because the bond or undertaking contemplated the return of the property in substantially the same condition in which it was received. A return of property, worn and damaged, where it was new and in good condition when received, although nominally the property may be the same, is not a return of substantially the same property. There is a difference between the .property as received and the property as returned, which makes the return to the extent of the depreciation in value fall short of the require *517 ments of the undertaking. If the depreciation in value is due to causes beyond the control of the custodian, then there is of course no liability on the undertaking, but if it is the result of his use of the property, or of his negligence in caring for it, himself and his sureties must make the deficiency good; otherwise he might utterly destroy its value, and by redelivery of the articles released to him in a worthless condition, defeat not only the plaintiff’s remedy, but the very purpose for which the statute authorizing the undertaking was enacted. Mr. Wade, in the course of a discussion of the question, says: “ But the liability of the obligors is not extinguished in every instance by delivering the property, as it may have greatly deteriorated in value, owing to the negligence with which it has been kept during the pendency of the action. If chattels are wantonly injured or destroyed, or if they are negligently suffered to waste or deteriorate while in the hands of the defendant, or other custodian under the bond, the obligors may be held to answer to the amount of their diminished value. But if the loss or injury is without fault on the part of those who hold possession by virtue of the bond, they will, as we have seen, be exonerated.” 1 Wade on Attachments, sec. 198.
In Yelton v. Slinkard, 85 Ind. 190, the court, construing the language of a bond in replevin, conditioned for the return of the property if a return should be adjudged, said: “A return of less than all the property is not sufficient, and a return of what is nominally all the property, but is damaged, worn out and decayed by exposure to the weather, and neglect and bad usage, or any act or omission of the plaintiff, is not sufficient. The statute contemplates that the property shall be returned substantially as it was taken.”
It is objected, however, that the complaint does not show that the defendants were in fault. The allegation is that the property was worn, injured and damaged, by wear and tear, usage and neglect. As the property was turned over to the attachment defendants, presumptively it remained in *518 their custody, and presumptively the usage and neglect from which it suffered was their usage and neglect. The allegation is, we concede, somewhat general. Upon proper motion the court would probably have ordered the plaintiff to make it more specific, but the objection cannot be taken by demurrer.
The remaining objection to the complaint is of a much more serious nature. The bond was conditioned for the redelivery of the property in case the plaintiff should recover judgment in the action, aud the attachment should not be dissolved. The attachment might be dissolved, aud the plaintiff, nevertheless, recover judgment in the action. If the attachment was dissolved, the obligors upon the bond were discharged, notwithstanding a recovery of judgment in the action. Hence, in order to state a cause of action against the obligors, it was essentially necessary to state that the attachment was not dissolved, or to make some equivalent statement. The complaint alleges the recovery of judgment by the plaintiff against the attachment defendants, but as to what became of the attachment it is silent. In this respect the complaint is fatally defective, and the demurrer was therefore properly sustained.
Plaintiff’s counsel complains that, in the argument of the demurrer in the lower court, counsel for the defendants confined themselves to the objection first considered by us, and that they make the point that the complaint fails to state that the attachment was not dissolved for the first time in this court; and for that reason he contends that they ought not to be heard by us upon this objection. We have no means of knowing what course the argument upon the demurrer took, because the record does not disclose it; but where a complaint fails to state facts sufficient to constitute a cause of action, the objection may be raised at any time. Section 55, Civil Code. The defendants did not need to demur at all; or having demurred, they might in the argument point out such alleged defects as they saw fit, or *519 they could have submitted the demurrer without argument. Where a complaint is substantially defective in its statement of a cause of action, the point may be made for the first time in the appellate court.
We must affirm the judgment.

Affirmed.