[No. 1191.]

NYLAN v. RENHARD.

1. GARNISHMENT PROCEEDINGS—COSTS.

In a justice of the peace court, a proceeding in garnishment in aid of an attachment does not become a separate action, so as to relieve the justice of the peace and constable from the limit in amount of costs that may be charged in a civil cause until after the garnishee has failed to deliver the property of defendant in his hands or pay the money owing by him to the defendant, to the constable, or fails to appear for examination or to give the constable a memorandum or statement of the amount of his indebtedness to defendant and things in action in his possession belonging to defendant, and the justice of the peace under sec. 2020 Gen. Stats. (Mills' Ann. Stats. sec. 2720) has rendered judgment against defendant and issued summons against such garnishee as provided in said section. Upon the issuance of such summons the garnishment proceeding becomes a separate and distinct action and the costs thereafter accruing are chargeable as in a separate cause of action, but costs accruing in the garnishment proceeding prior to the issuance of such summons are chargeable in the original action and are subject to the limitation of justice and constable fees to be charged in one case.

2. PRACTICE—PLEADING.

If the complaint fails to state a cause of action, this objection may be raised for the first time in the appellate court.

*Error to the District Court of Arapahoe County.*

Mr. CLAY B. WHITFORD and Mr. H. A. LINDSLEY, for plaintiff in error.

Messrs. MULLER & WEIL and Mr. C. W. STEPHENSON, for defendant in error.

WILSON, J., delivered the opinion of the court.

Nylan, defendant in the lower court, was a justice of the peace at Globeville in Arapahoe county. Plaintiff, Renhard instituted suit in attachment before him against one Sandell and in the course of the proceedings, fifteen " attachment and garnishment" writs were issued. Defendant collected from the garnishees $168.75, of which he paid to plaintiff $105.50, withholding $63.20 for court costs. Plaintiff claimed that this taxation of costs was excessive and instituted suit in the county court on account for money received to and for the use, etc., to recover from the justice the amount so withheld for costs. Defendant answered setting up the facts of the suit, and an itemized account of his costs, showing a total charge of $33.10 for his own costs in the garnishment proceedings, and $5.80 in the original cause, also $24.30 for costs of the constable. Replication denied all new matters in the answer. Judgment on the pleadings was rendered in favor of the plaintiff. Appeal was taken to the district court where the same judgment was again rendered.

The question sought to be raised is, whether a garnishee proceeding is a separate action. If this be true there were, in this case, fifteen separate actions (exclusive of the original action) in each of which costs could be taxed in favor of the justice and constable, otherwise the matter would come within the proviso to section 13, Laws, 1891, which provides " that the total amount of justice fees taxed in any civil action shall not exceed, in counties of the first class, the sum of $5.00." By a like proviso to section 14 of the same act the fees of constables in the same class of counties are limited to $6.00.

The object of a garnishee proceeding, in an attachment suit, is to attach the credits, effects, debts, etc., of the defendant, which are in the possession or under the control of a third party, as security for any judgment, the plaintiff may recover against the defendant. Primarily it is in aid of the original suit.

That it is of itself, a suit, is laid down by the text-books. Wade on Attachment, 332; Drake on Attachment, 452.

It has likewise been so held in a number of adjudicated cases, both in the federal and state courts. *Tunstall v. Worthington*, Hempstead (C. C.), 662; *Delacroix v. Hart*, 24 La. Ann. 141; *Moore & Lyons v. Stainton et al*, 22 Ala. 831.

In the latter case the court said: "That a proceeding by garnishment, to subject the funds of a defendant in attachment to the judgment or debt of a creditor, is a suit, is a proposition well sustained by authority."

The reasoning in support of this position is sound and convincing. The purpose of the proceeding is a legal investigation by the same means and through the same instrumentalities employed in an ordinary suit or action between plaintiff and defendant. The garnishee is brought into court by a summons; he has his day in court; issues of fact are made by the pleadings, evidence may be offered and a trial had by court or jury as in other actions; judgment is rendered, costs decreed, and execution issued on the judgment. It is urged that there is not necessarily a contest between the plaintiff in the original action and the garnishee but the same is true of any action at law. The defendant may make default or confess judgment.

Our own Supreme Court however has settled this question in this jurisdiction. It has expressly held that "a garnishment proceeding is a proceeding at law—a suit." *Metzler v. James*, 12 Colo. 333.

That a civil action, the term used in the statute under consideration in this case, is a suit, cannot be denied.

In *U. S. v. 10,000 Cigars*, 1 Woolw. (U. S. C.) 125, Mr. Justice Miller said: "The phrase 'civil actions' includes actions

at law, suits in chancery, proceedings in admiralty and all other judicial controversies in which rights of property are involved."

It is also held that in a legal sense action, suit and cause are convertible terms. *Ex parte Milligan*, 4 Wall. (U. S.) 2.

The case of *Metzler v. James, supra*, was one arising however in a court of record, and the opinion therein had reference and application only to garnishment proceedings as provided and regulated by the code. The same may also be said of the other authorities above cited. The questions therein arose upon similar provisions expressed in code or statutes.

Under our code the officer, having the writ of attachment, is required, upon request of plaintiff to " *summon* such person or persons, as the plaintiff may direct as garnishees *to appear before the court* wherein such action is pending." Code, 119.

Thereupon such officer issues a writ of garnishment, separate and distinct from the attachment writ, whereby, the garnishee is required among other things to answer within a specified time certain interrogatories thereto attached, and is notified, that, in case of his failure so to answer within said time the plaintiff may apply to the court for relief against him *ex parte*. Code, 120. Upon the return of the writ, showing due service, the court acquires "jurisdiction to proceed against such garnishee as hereinafter provided." Code, 122. Garnishee is required to answer in writing under oath, and upon failure to do so within the time specified, default is taken. Upon answer if issue be joined by the plaintiff, a trial is had as in other cases, and judgment rendered accordingly.

It will be readily seen that this procedure in garnishment is precisely similar in manner, substance and effect to that in ordinary civil actions or suits. It is true that the garnishee may discharge himself after answer, by paying to the officer. the money which he may owe to the defendant in the original action, or by delivering up the property of defend-

ant in his hands, but so also may the defendant interpose no obstacle to the recovery of plaintiff. The distinguishing feature which stamps this proceeding as a suit or action is that the writ of garnishment operates as a summons, its service bringing him into court and *subjecting him to its jurisdiction.*

Garnishment proceedings in aid of attachments before justices are regulated by statute and are in many material respects essentially different from those under the code. The initial step is (Gen. Stats. 2007), the leaving with the garnishee or his agent by the constable a copy of the writ of attachment, issued in the original suit, with a notice that the debts owing by him to defendant, and the credits, effects, etc., in his hands belonging to such defendant are attached. Sec. 2008, permits the garnishee to pay to the officer any money owing by him to defendant or to deliver any property of defendant, in his hands, and to take his receipt therefor. Sec. 2009, provides, that the person "so garnished"—that is by the service upon him of the writ and notice specified in sec. 2007, *supra*—shall be required to appear for examination before the justice at a time and place to be mentioned in the "garnishee summons." The garnishee "summons" here referred to can apply only to the notice required to be served by sec. 2007, no other being provided for. Sec. 2010, requires the constable, at the time of the service of the writ of attachment and notice, to request the garnishee to give him a written statement under oath of the amount of his indebtedness to defendant and of the things in action belonging to him, which are in possession or control. Now if the garnishee fails to deliver the property of defendant in his hands or to pay to the constable the money owing by him to defendant, or to appear for examination as required, or to give the memorandum or statement requested, the justice cannot enter default or render judgment against him, as could be done under the code procedure. The notices and copy of writ served upon him have not had the force and effect of a summons, the court has not acquired jurisdiction

to further proceed against him, and hence in this proceeding the most essential element necessary to constitute an action or suit is lacking.

Sec. 2020 then provides that in case of such failure of the garnishee, upon judgment being rendered in favor of the plaintiff in the original action, the justice shall issue a summons in the name of the plaintiff and against such garnishee requiring him to appear and show cause why judgment should not be rendered against him for the amount of such judgment in favor of plaintiff or so much thereof as remains unsatisfied. Upon the service of this summons the justice for the first time, acquires jurisdiction to proceed against the garnishee, and then only does the proceeding partake of the character of a separate action. If the garnishee appears in response to this summons a trial is had, if not, judgment may be rendered against him for the full amount of the judgment against the defendant and costs of suit.

It follows from this expression of our views, that in our opinion a garnishment proceeding in a justice court in aid of an attachment suit, would constitute a separate civil action or suit only when begun under the provisions of sec. 2020, and that all other such proceedings under other sections of the statute above cited would be only incident to and. part of the original suit in attachment, and would not constitute a separate suit or civil action.

The sections last above cited are from an act of the general assembly of 1879 in relation to attachments in justices courts. At the same session of the legislature an act entitled "An act concerning garnishment in courts of record and before justices of the peace on judgments rendered; and in relation to the practice and proceedings in garnishment" became a law. This act has been repealed so far as it relates to courts of record, but still remains in force so far as it applies to justice courts. Laws, 1879, p. 76, Gen. Stats. p. 517. Under it the method of procedure differs in some particulars from that prescribed in the other but, so far as the principle involved in this case is concerned, it is essentially the same. The garnishee in this case as under the

other method may discharge himself by answering the inter-rogatories prescribed by statute, and if he is indebted to the defendant in the attachment suit may pay to the officer serv-ing the writ, the money which he so owes. No summons or *scire facias* can issue, by which the garnishee is brought into court and made subject to its jurisdiction to the extent of becoming liable to have final judgment rendered against him until after he has failed to make answer and a conditional judgment has been rendered against him, in consequence of such default, or after having answered, his answer is contro-verted by plaintiff. Until such process is issued the pro-ceeding does not become and is not entitled to be called a separate action.

It does not clearly appear from the record before us, what the precise garnishment proceedings were nor at what stage the money was paid by the garnishees in this case, but as the judgment must be reversed on another ground of error as-signed and a new trial had, the trial court can apply our opinion upon this question, which is material to the issue, to the facts as they may be shown.

It is objected that the complaint did not state facts suffi-cient to constitute a cause of action. It is true that this question is raised for the first time in this court, and that objections so made in appellate courts are viewed with judi-cial disfavor, but by express provision of the code (sec. 55) this may be raised at any time. In the very recent case of *Creswell v. Woodside*, 8 Colo. App. 514, decided by this court, it was held that "where a complaint is substantially defec-tive in its statement of a cause of action, the point may be made for the first time in the appellate court."

It was an indispensable prerequisite to plaintiff's right to recover in this action, that judgment should be rendered in his favor and against the defendant in the attachment suit before the justice, and for an amount equal at least to the sum paid by the garnishees. Until such judgment he had no right to demand or receive any money collected from the garnishees. This being a material and essential fact he should have alleged it, but he failed to do so.

This defect is not cured by the answer. The only language in it, bearing upon this point in the remotest degree, is an incidental reference to plaintiff as "the judgment plaintiff therein." This is entirely too slight and uncertain to supply the want of such a material allegation. Even if it were, however the record nowhere furnishes the least information as to what the amount of such judgment was, so that for aught we know, the sum which the defendant justice alleges, that he paid to the plaintiff and which is not disputed, may have been the full amount of such judgment and to all of which he was entitled.

Counsel for appellee urge that the record does not disclose any exception to the judgment of the district court, and hence it is not proper for this court to review it. In support of this they cite a number of decisions of this and of the supreme court. All of these are to the effect that there must be such an exception, in causes tried to the court, to authorize the appellate court to review it upon the *facts* or upon the *law as applied to the facts*, or, where no such exception is taken, an assignment of error, that the judgment is contrary to the law *and* the evidence will not be considered.

None of these authorities are pertinent. This judgment was rendered upon a motion for judgment upon the pleadings. It is a case wherein a review is sought upon the *law* as applied *to the pleadings*.

We agree with counsel that "justice courts are fundamentally the poor man's court," and regret that the pleadings are not in such shape as to present all of the facts so that we might settle without further trial and expense, the question at issue. However we have endeavored to make our views positive and clear upon all points which may arise in the case so far as shown by the record, so that in a rehearing upon proper pleadings, there will be no difficulty in arriving at a conclusion when the facts are presented.

For this error of fatal defect in the complaint, the judgment is reversed and the cause remanded.

*Reversed.*